```
RECEIPT # 57389
AMOUNT $ 150
SUMMONS ISSUED Y-5
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. M
DATE 7-19-04
```

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

Plaintiff

v.

PAULETTE I. SANCHEZ, JERI LYNN
SANCHEZ, TODD SANCHEZ, KATELYN
SANCHEZ, TODD SANCHEZ, JR.,

Defendant(s)

CIVIL ACTION NO.:

**04cv11605 RWZ**

MAGISTRATE JUDGE _____

## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
## INTERPLEADER COMPLAINT

Pursuant to Rules 3 and 22 of the Federal Rules of Civil Procedure, The Prudential Insurance Company of America files the following Interpleader Complaint against defendants Paulette I. Sanchez, Jeri Lynn Sanchez, Todd Sanchez, Katelyn Sanchez, Todd Sanchez, Jr. (collectively "the Defendants").

### PARTIES

1.      Plaintiff The Prudential Insurance Company of America ("Prudential") is an insurance company organized under the laws of the State of New Jersey, with a principal place of business in Newark, New Jersey and it is duly authorized to conduct business in the Commonwealth of Massachusetts.

2.      Defendant Paulette I. Sanchez ("Paulette") is an individual who, upon information and belief resides at 451 Renauld Street in the Town of Fall River, Massachusetts 02721. Upon information and belief, Paulette is the former spouse of Prudential's deceased insured, Gerald J. Sanchez ("Gerald").

3.      Defendant Jeri Lynn Sanchez ("Jeri Lynn") is an individual who, upon

26848.1

information and belief resides at 996 Walnut Street in the Town of Fall River, Massachusetts 02720. Upon information and belief, Jeri Lynn is the daughter of Gerald.

4. Defendant Todd Sanchez ("Todd") is an individual who, upon information and belief resides at 451 Renauld Street in the Town of Fall River, Massachusetts 02721. Upon information and belief, Todd is the son of Gerald.

5. Defendant Katelyn Sanchez ("Katelyn") is an individual who, upon information and belief resides at 451 Renauld Street in the Town of Fall River, Massachusetts 02721. Upon information and belief, Katelyn is the granddaughter of Gerald.

6. Defendant Todd Sanchez, Jr. ("Todd, Jr.") is an individual who, upon information and belief resides at 451 Renauld Street in the Town of Fall River, Massachusetts 02721. Upon information and belief, Todd Jr. is the grandson of Gerald.

## JURISDICTION

7. This is an action for rule interpleader under Fed.R.Civ.P.22, 28 U.S.C. § 1331, and equitable 29 U.S.C. § 1132 (a)(1)(B), to enforce the terms of an employee welfare benefit plan and to obtain other appropriate equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.

8. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 inasmuch as the case involves a federal question. This action involves competing or potential competing claims to insurance benefits available under the ERISA-regulated group life insurance plan ("Plan"). As such, Prudential is, or may be, exposed to double or multiple liability. ERISA authorizes suits by fiduciaries like Prudential to obtain equitable relief, such as interpleader, and to enforce the provisions of an ERISA plan. 29 U.S.C. § 1132 (a)(3)(B)(ii).

26848.1

The district courts of the United States have jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. § 1132(f).

9. Venue in this Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

## FACTS

10. Prudential's deceased insured, Gerald J. Sanchez was a veteran. He purchased life insurance coverage from Prudential through Servicemen's Group Life Insurance under Prudential Group Policy No. 104-81669 ("Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A. Gerald was insured under the OSGLI Policy for $200,000 in optional group life coverage. The Policy's death benefit, plus any applicable interest thereon are referred to throughout as the "Proceeds."

11. Gerald died of Hypercapniac Respiratory Failure with Chronic Obstructive Lung Disease on August 22, 2003. A true and accurate copy of the City of Fall River, Massachusetts, Office of the Clerk, Certificate of Death, relating to Gerald dated August 25, 2003, is attached hereto as Exhibit B.

12. Gerald submitted his Retired Reservist Application ("Application") to Prudential on July 10, 2000. A true and accurate copy of the Application is attached hereto as Exhibit C. In the Application, Gerald named three principal beneficiaries and two contingent beneficiaries. Pursuant to the terms of that designation, his wife, Paulette was to receive $150,000, his daughter, Jeri Lynn was to receive $20,000, and his son Todd was to receive $10,000. When totaled this amount does not equal up to the $200,000 policy that Gerald was approved for. In turn, Gerald also listed Katelyn and Todd Jr. as contingent beneficiaries, which would allow them to collect the money in the event that there are no surviving principal beneficiaries upon the death of the insured. As listed on the Application by Gerald, Katelyn and Todd Jr. would receive

26848.1

the remaining $20,000 – evenly distributed. Although, Katelyn and Todd Jr. are listed in the Contingent Beneficiaries section of the application it is believed to be that Gerald meant for them to receive the remaining $20,000, as there was a handwritten line to connect the names.

13. Prudential initiated this interpleader action to ensure that it makes the correct benefit payments to the proper beneficiaries. Prudential must determine if the contingent beneficiaries are meant to receive the remaining $20,000 before it can reasonably proceed with payment. In light of the conflicting Application Prudential is or may be subject to multiple liability with respect to the Proceeds.

14. In filing Group Life Insurance Claim forms the defendants have evinced an entitlement to the Proceeds. There are conflicting or potentially conflicting claims to the Proceeds.

15. Prudential is merely a disinterest stakeholder in this action inasmuch as it claims no interest in Proceeds, and admits that the Proceeds are due and owing to someone. Prudential hereby offers to and is ready to deposit the Proceeds with the Court upon the entry of an appropriate Order.

## COUNT ONE

### INTERPLEADER UNDER FED. R. CIV. P. 22

16. Prudential incorporates the allegations set forth in paragraph 1-15 of its Interpleader Complaint and incorporates them by reference as if set forth fully herein.

17. The death benefit at issue consists of $200,000 in-group life insurance benefits. Prudential will deposit a check in the amount of $200,000, plus any applicable interest, after the entry of an appropriate Order.

18. Prudential admits that it must pay the Proceeds, but Prudential avers that it must

26848.1

pay the Proceeds only one time.

19. Unless Prudential is allowed to interplead all the claimants, Prudential is at risk for double, multiple, or inconsistent judgments.

20. Pursuant to 28 U.S.C. § 1132 (a)(3)(B), 29 U.S.C. § 1144 (a), and Fed. R. Civ. P. 22 this Court is empowered to enjoin any claimant from filing a separate lawsuit relating to the life insurance distribution, and to discharge Prudential from any liability relating to the Proceeds and/or the Policy.

21. Pursuant to 28 U.S.C. § 1132 (a)(3)(B), 29 U.S.C. § 1144 (a), and Fed. R. Civ. P. 22 to award a disinterested stakeholder such as Prudential the reasonable costs and attorneys' fees associated with initiating an interpleader action.

22. Prudential is entitled to have this Court adjudicate the competing claims, or potentially competing claims of the defendants and to establish Prudential's legal obligations to the defendants with finality.

## COUNT TWO

### EQUITABLE INTERPLEADER

23. Prudential incorporates the allegations set forth in paragraph 1-22 of its Interpleader Complaint and incorporates them by reference as if set forth fully herein.

24. Prudential admits that it must pay the Proceeds, but Prudential avers that is must pay the Proceeds only one time.

25. Unless Prudential is allowed to interplead all the claimants, Prudential is at risk for double, multiple, or inconsistent judgments.

26. Pursuant to 28 U.S.C. § 1132 (a)(3)(B), 29 U.S.C. § 1144 (a), and Fed. R. Civ. P. 22 this Court is empowered to enjoin any claimant from filing a separate lawsuit relating to the

26848.1

life insurance distribution, and to discharge Prudential from any liability relating to the Proceeds and/or the Policy.

27. Pursuant to 28 U.S.C. § 1132 (a)(3)(B), 29 U.S.C. § 1144 (a), and Fed. R. Civ. P. 22 to award a disinterested stakeholder such as Prudential the reasonable costs and attorneys' fees associated with initiating an interpleader action.

28. Prudential is entitled to have this Court adjudicate the competing claims or potentially competing claims of the defendants and to establish Prudential's legal obligations to the defendants with finality.

WHEREFORE, The Prudential Insurance Company of America respectfully requests that the Court issue an Order:

(a). Allowing Prudential to deposit the Proceeds into the Court's registry;

(b). Compelling the defendants to determine through interpleader their potentially competing and adverse claims for the Proceeds;

(c). Extinguishing with finality all claims that the defendants have against Prudential upon Prudential's payment of the Proceeds into Court;

(d). Restraining the defendants from instituting or prosecuting, in any other state or federal court, any proceeding against Prudential with respect to the Proceeds;

(e). That upon Prudential's deposit of the Proceeds with the Court, Prudential will be discharged from any liability in this action;

(f). Awarding Prudential its reasonable attorneys' fees and costs; and

26848.1

(g). Granting Prudential such other further relief as the Court deems just and proper.

By its attorneys,

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

William P. Bogaert, BBO# 5463221
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5400

Date: July 19, 2004

CERITIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2004 I have this day served a copy of the above document on all counsel of record and parties in this matter by first class mail, postage prepaid as listed below.

| Paulette L. Sanchez | Jeri Lynn Sanchez | Todd Sanchez |
| 451 Renauld Street | 996 Walnut Street | 451 Renauld Street |
| Fall River, MA 02721 | Fall River, MA 02720 | Fall River, MA 02721 |

Katelyn Sanchez
451 Renauld Street
Fall River, MA 02721

Todd Sanchez, Jr.
451 Renauld Street
Fall River, MA 02721

Geoffrey M. Coan

26848.1

≈JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Prudential Insurance Company of America

**DEFENDANTS**
Paulette I. Sanchez, Jerilyn Sanchez, Todd Sanchez, Katelyn Sanchez, Todd Sanchez, Jr.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William T. Bogaert, Geoffrey M. Coan
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110
(617-422-5300

Attorneys (If Known)

04  11605

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PEF | DEF |  | PEF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sec. 1331 federal question involving competing claims to insurance benefits under ERISA regulated group life insurance plan.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  7-19-04

SIGNATURE OF ATTORNEY OF RECORD
/s/ Geoffrey M. Coan

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **The Prudential Insurance Company of America v. Paulette I. Sanchez, et al.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

**04cv11605 RWZ**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Geoffrey M. Coan**
                **Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
ADDRESS **155 Federal Street, Boston, MA 02110**
TELEPHONE NO. **617-422-5300**

(Coversheetlocal.wpd - 10/17/02)